## McLANE *v.* KING.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

No. 235.   Argued and submitted March 24, 1892. — Decided April 4, 1892.

In this suit the property of a corporation in a bridge constructed by it over the San Antonio River is held to have been lawfully transferred by the foreclosure of a mortgage upon it.

THIS suit was originally commenced in the District Court of Karnes County, Texas, on September 12, 1882, and thereafter

properly removed to the Circuit Court of the United States for the Western District of Texas. The facts as disclosed by the bill were, that in 1876 there existed a corporation, known as the Helena Bridge Company, and organized for the purposes of building an iron bridge over the San Antonio River at the town of Helena. The defendants King & Son had a contract with the bridge company for the full construction of the bridge, payment therefor to be made partly by the transfer of $10,000 of full-paid stock and partly in notes of the corporation, secured by a mortgage on the bridge. The stock was never issued, but the notes and mortgage were duly executed and delivered. King & Son contracted with the plaintiff Ruckman to do part of the work. By the terms of this contract they were to have transferred to Ruckman, in full payment of his work, the $10,000 of stock. This contract was fully performed by Ruckman, and in the amount due thereon McLane became jointly interested. In 1880, King & Son brought suit on the notes and mortgage; which suit resulted in a judgment for $10,919, and a decree of foreclosure. Subsequently, on proper process, they purchased the property, and still hold it. The object of the suit was to have the plaintiffs decreed to be jointly interested with the Kings in the bridge, and for an accounting of tolls and the profits arising therefrom. For the purpose of invalidating the legal effect of the foreclosure proceedings, it was alleged that such proceedings were instituted and prosecuted " with the fraudulent intent and purpose, then and there entertained by the said Z. King and James A. King, and actuating them, in the premises, to obtain possession of the said bridge and its appurtenances, being the only property of value belonging to said Helena Bridge Company and the only revenue-producing property thereof, to render the stock of said Helena Bridge Company worthless in the hands of the holders, and thereby to render the performance of their contracts to deliver stock to these complainants in the said bridge company unavailing and ineffectual if literally executed; and complainants here charge that it was the understanding and agreement of the parties to said contracts between said Z. King & Son and

these complainants for the delivery of said stock, as set forth in complainants' original bill, that the stock should be good and valuable stock, worth fully dollar for dollar in the public market, and that by the institution and prosecution of their said suit against said Helena Bridge Company, and by their taking possession of the said bridge and appurtenances, the said Z. King & Son have rendered the stock of said Helena Bridge Company utterly valueless." It was also alleged that the delivery of the stock, while in law a literal compliance with the terms of the contract, would in equity be nugatory and ineffectual, because the acts of the Kings, as before stated, had rendered it valueless. A demurrer to this bill was sustained, and a decree of dismissal entered. From such decree plaintiffs appealed to this court.

*Mr. M. F. Morris* for appellants submitted on his brief.

*Mr. A. G. Riddle* (with whom was *Mr. H. E. Davis* on the brief) for appellees.

Mr. Justice Brewer delivered the opinion of the court.

The foreclosure proceedings transferred the legal title to the bridge to King & Son, and rendered the stock of the bridge company valueless. A transfer of the latter, if now possible, would be of no benefit to the plaintiffs, and is not desired by them. That it was supposed to be of value when the contract was made, and that it is now worthless, creates no liability against the Kings, unless they have wrongfully destroyed that supposed value. But it is not alleged that King & Son did not give full value for the notes and mortgage, or that they were illegally issued by the bridge company, or that they were paid in whole or in part, or that suit was brought before they matured, or a recovery obtained for a larger amount than was due. In other words, it is not shown that King & Son did other than exercise a legal right of collecting a just debt by foreclosure of the mortgage given to secure it. By so doing, they exposed themselves to no lia-

bility to others for the indirect result of such legal act. The allegation that it was done with a fraudulent intent and purpose to obtain possession of the bridge, amounts to nothing. If the act was legal, it is not made illegal by a mere epithet.

So far as respects the charge, that it was the understanding and agreement that the stock should be good and valuable stock, worth fully dollar for dollar in the public market, it is enough to say that the contract, which is in writing and attached to the bill, contains no such provision. There is no stipulation whatever, expressed or suggested in that contract, other than for the transfer of this specified stock. Ruckman took the chances of its value.

The decision of the Circuit Court was right, and the decree is

*Affirmed.*